Chicago, B. & Q. R. Co. v. Oliver Wingler, Adminis-
trator.

1. Judgments—*Entry of Nunc Pro Tunc, at a Subsequent Term.*—
When the plaintiff is entitled to a formal judgment which, through
some neglect or oversight of the court, or clerk, is not entered at the
time, it may be entered *nunc pro tunc*, at a succeeding term.

2. Presumptions—*Where an Appeal is Taken.*—Where an appeal
from a judgment is taken, it may be presumed that a judgment was
announced by the court and, if not entered by the clerk at the time, it
may be entered at a subsequent term.

3. Parties—*Objections as to, Must be First Made in the Trial Court.*
—An objection to a declaration that the names of the next of kin as par-
ties are not properly stated in it, can not be made for the first time in the
Appellate Court.

4. Negligence—*Piling Ties in a Public Street.*—Leaving a lot of
cross ties in a public street, so carelessly and improperly piled as to be
dangerous, is an act of negligence.

5. Same—*Of Parents and Children, a Question of Fact for the
Jury.*—Whether a child, which was injured in playing about a pile of
ties left in the public street was negligent, or whether its parents used
due care in allowing it to play about the ties, is a question of fact for
the jury.

Trespass on the Case.—Death from negligence. Appeal from the
Circuit Court of Fulton County; the Hon. Jefferson Orr, Judge, presid-
ing. Heard in this court at the May term, 1896. Affirmed. Opinion
filed November 21, 1896.

John A. Gray and Walker & Landaur, attorneys for
appellant.

G. L. Miller, attorney for appellee.

Mr. Justice Wall delivered the opinion of the Court.
This is an appeal from a judgment for $1,500 against
the railroad company for damages caused by the death of
the appellee's intestate. The deceased was a child some
four years of age, and his death resulted from the alleged
negligence of the appellant in leaving a lot of cross ties in
a public street, so carelessly and improperly piled, that while

the deceased was playing about the same, three of them fell off the pile upon him and fatally injured him.

It is first urged there is no valid judgment. As appears from the record the verdict was entered—motion for new trial denied—motion in arrest denied, and an appeal allowed at the trial term, but no formal judgment was then entered. At the next term an order was allowed that formal judgment be entered *nunc pro tunc*, as of the trial term.

In this there was no error. It is apparent that the plaintiff was entitled to a formal judgment and that through some neglect or oversight of the court or the clerk it was not entered. In such case it is proper to render judgment *nunc pro tunc*, at a succeeding term. As an appeal was allowed it may be presumed that a judgment was announced, though the judge's minutes do not show it; if it was not, then it was through the fault of the court, and this should not prejudice the plaintiff.

If, as may be presumed, judgment was announced but not entered by the clerk, then it was proper to enter it at a subsequent term, as of the trial term.

The next objection found in the brief is that the names of the next of kin were not properly stated in the declaration. It appears that at the time the suit was commenced the next of kin consisted of the parents and one sister, but that before the trial another child was born, and this is the ground of the objection. Assuming that there is anything of substance in the point it should have been made in the trial court, when the objection could have been obviated by amendment. It can not be made for the first time in this court. It is next urged that the verdict is against the law and evidence.

There is nothing in the proof to show that appellant had any right to pile its ties where this accident occurred. It appears that the railroad track is laid along a public street in the city of Canton, but whether this was by authority from the city, or if so, how much of the street was devoted to the uses of the railroad company is not shown. Hence, upon the proof the company was using a public street for the

storage of its ties, and if the ties were piled so as to fall down through the playful effort of a child of four years, it is difficult to see how the charge of negligence in that behalf can be denied.

To leave anything so dangerous in a public place is an act of negligence.

Whether the child or its parents used due care was a question for the jury. The street was public, and all persons had a right to resort there for proper purposes. We are not prepared to say that the parents were negligent in permitting the child to play there, and are willing to accept the conclusion reached by the jury on that point.

As to instructions given for plaintiff some objections are presented.

The first instruction was to the effect that the parents of the deceased were required to exercise only such ordinary care and watchfulness for his safety as would, under like circumstances, be exercised by ordinarily prudent and careful parents over a child of like age and disposition. The objection urged is that there was not sufficient evidence upon which to predicate it.

We think the point is not well taken. The objection to the second is that it told the jury it was for the court to determine and instruct what degree of care on the one side and negligence on the other would warrant a recovery, but did not do so. We fail to see the force of this objection. Other instructions which followed advised the jury fully as to these matters and it was not indispensable that the second or any particular instruction should do so. Nor do we see any fault in No. 2½, which merely announced that the deceased could be chargeable with only such care as might be expected of a child of his age.

The objection made to the third is that it permits the jury to pass on the question whether the pile of ties was used also by the public as a street or thoroughfare when there was no evidence to that effect, and that while it is stated that certain facts would show a license, the right of a licensee or the duty of the defendant toward such is not stated.

We think there was evidence on which to base the instruction, nor do we see that it was faulty in the respect suggested. It seems to be conceded in the brief that the objections urged to these instructions are cured by those given for defendant.

Turning to those we find them very full and complete on the points in which these are supposed to be deficient.

As to instructions asked by defendant which were refused, it may be said in brief that so much of them as was proper and necessary will be found in those given. Considering those given at the instance of the plaintiff and at the instance of the defendant and those given by the court of its own motion as a series, we find nothing of which the defendant could complain.

The law was therein stated with sufficient clearness and accuracy, and the only criticism we care to make is that the mass is too great, with unnecessary repetition and restatement of some points for which the defendant is somewhat to blame.

It is suggested that the conduct of one of the jury indicated undue bias, though it is admitted this is not sufficiently strong of itself to warrant a new trial.

The matter referred to was a remark made during an intermission. The court evidently regarded it as not significant and accepted the affidavit of the juror showing that he had not made up his mind at the time and that his remark was casual and careless, and not expressive or intended to be of any opinion or bias in regard to the case.

We think the court took a proper view of the matter.

The final objection is that a new trial should have been granted because of newly discovered evidence. The evidence so relied on is to the effect that the ties were disarranged by some persons who wished to stand on them for the purpose of looking over the adjoining fence of the Fair Ground, and that this was but a short time before the accident. This evidence would conflict with testimony offered by defendant as to the way the ties were left piled when a quantity was taken away on Thursday before the accident,

and as to the condition in which they were found immediately after it.

It can not be said that the newly discovered evidence would be decisive, or probably so, of the result, and the court did not err in refusing a new trial on that ground. No other points are presented and the judgment will be affirmed.